IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOBBI J. STEELE,

        Plaintiff,                                     Case No.: 3:12-cv-156

vs.

COMMISSIONER OF                              District Judge Walter H. Rice
SOCIAL SECURITY,                           Magistrate Judge Michael J. Newman

        Defendant.

## REPORT AND RECOMMENDATION[1]

This case is before the Court pursuant to a timely-filed motion by Plaintiff's counsel for an award of $4,690.00 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 15. The Commissioner filed a memorandum in opposition in response to Plaintiff's motion, following which the Court ordered Plaintiff's counsel to supplement his initial filing with additional evidence. Docs. 17, 20. Counsel thereafter filed such evidence. Doc. 20. This matter is now before the Court for review.

**I.**

EAJA provides for an award of attorney's fees and costs to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). "Substantially justified," for EAJA purposes, means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government has the burden of establishing

---

[1] Attached hereto is a **NOTICE** to the parties regarding objections to this Report and Recommendation.

that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 415 (2004). A claimant who obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable directly to the litigant. *Astrue v. Ratliff*, ___U.S.___, 130 S. Ct. 2521, 2524 (2010).

## II.

On February 19, 2013, Judge Rice issued a Decision and Entry adopting Magistrate Judge Merz's Report and Recommendation, thereby reversing the ALJ's non-disability finding and remanding this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for additional administrative proceedings.[2] Docs. 12, 13. Accordingly, Plaintiff is the prevailing party for EAJA purposes, and is therefore eligible for an award of attorney's fees and costs under 28 U.S.C. § 2412(d)(1)(A). *See Shalala*, 509 U.S. at 301-02. As noted above, Plaintiff's counsel requests an award of attorney's fees and costs in the amount of $4,690.00. Doc. 15-1 at PageID 113. This represents 24.80 attorney hours at an hourly rate of $175.00, plus $350.00 in court costs. *Id*. The Commissioner does not object to the 24.80 hours expended by Plaintiff's counsel or the request to be reimbursed for the $350.00 filing fee. Doc. 17 at PageID 119. Nor does the Commissioner dispute the issue of substantial justification. *Id*. This leaves before the Court the sole issue of whether or not Plaintiff's counsel has adequately justified an entitlement to the requested hourly rate of $175.00, a rate in excess of the $125.00 statutory maximum. Doc. 17 at PageID 124.

Under EAJA, attorney's fees should not be granted "in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In determining the hourly rate for an attorney's fee award, the Court must first

---

[2] This matter was referred to the undersigned on March 19, 2013, following the Court's adoption of Magistrate Judge Merz's Report and Recommendation (doc. 12) and Judge Merz's subsequent recusal (doc. 16).

consider the prevailing market rate charged by Social Security practitioners in the community. *See id.* (providing that the amount of EAJA fees "shall be based upon prevailing market rates for the kind and quality of the services furnished"); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (holding that a determination of the reasonableness of attorney's fees requires a consideration of whether the rate is commensurate with fees charged in the community by counsel with comparable skill). Counsel who seeks a higher hourly rate bears the burden of producing necessary evidence to support the proposed increase. *Bryant*, 578 F.3d at 450. Counsel must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum* 465 U.S. at 895 n.11.

In *Douglas v. Astrue*, the Court applied the holding in *Bryant* to describe the evidence necessary for an award above the statutory maximum. No. 3:10-cv-188, 2012 U.S. Dist. LEXIS 36735, at *4, 2012 WL 931100 at *2 (S.D. Ohio Mar. 19, 2012) (Rice, J.). The Court found that the submission of the Consumer Price Index ("CPI"), and an affidavit by plaintiff's counsel, were insufficient to satisfy the burden. *Id.* at 2012 U.S. Dist. LEXIS 36735, at *6; 2012 WL 931100, at *3. Rather, the Court held that additional proof is required to demonstrate the requested rates are in line with those prevailing in the community. *Accord Willis v. Astrue*, No. 1:10-cv-594, 2012 U.S. Dist. LEXIS 18393, at *2, 2012 WL 481357, at *3 (S.D. Ohio Feb. 14, 2012) (Bowman, M.J.) (holding that plaintiff's counsel who submitted only the CPI failed to satisfy *Bryant*, and was therefore limited to the $125.00 per hour statutory cap). With these principles in mind, the Court turns to the present fee request.

### III.

Counsel seeks an hourly rate exceeding $125.00 based upon his experience, the typical hourly rates billed by other Social Security practitioners in the community, and a cost of living

adjustment following EAJA's most recent amendment in 1996. Doc. 15-1 at PageID 113; Doc. 20, Exs. 1-7. To support his request for an hourly fee exceeding $125.00, counsel has submitted the following evidence in addition to his affidavit and a copy of the CPI: the U.S. Department of Labor's Bureau of Labor Statistics, showing an increase in the CPI for Midwest urban areas since 1996 (doc. 20-3); an Ohio State Bar Association study regarding hourly billing rates in the Dayton, Ohio legal community (doc. 20-1); a news article reporting on billing practices in southwestern Ohio (doc. 20-2); and two affidavits from Social Security attorneys, Gary M. Blumenthal and James Roy Williams, who both practice in southwest Ohio. Docs. 20-5, 20-6; *see Kash v. Comm'r of Soc. Sec.*, No. 3:11-cv-44, 2012 U.S. Dist. LEXIS 106215, at *3-9, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 118971, at *1, 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (approving an hourly rate of $176.36 when the EAJA fee application was accompanied by an affidavit from Plaintiff's counsel, affidavits from other Social Security practitioners regarding hourly rates for attorneys with similar qualifications in the community, and the CPI).

Here, as noted, counsel has his own affidavit as well as a copy of the CPI indicating the inflation price adjustment. Doc. 20-3. Additionally, counsel has submitted affidavits of attorneys of comparable skill and experience; these affidavits indicate hourly rates in excess of $175.00 per hour when undertaking Social Security cases such as this. Docs. 20-6, 20-7. Furthermore, counsel has adequately demonstrated comparable hourly billing rates in the community, as evidenced by a 2010 study listing the median hourly rate charged for cases in Dayton as $200.00 per hour and a 2013 news article advising that the average hourly rate for associate attorneys in Dayton is $219.85. Docs. 20-1, 20-2.[3] The Court finds, therefore, that the $175.00 hourly rate requested is supported

---

[3] The Court's holding is limited to a discussion of the exhibits filed by counsel in this case only. The holding does not represent an exhaustive list of the elements required to meet the burden in an EAJA motion; it simply states that this particular combination is successful in this instance.

-5-

by the evidence submitted and is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450. Accordingly, counsel has succeeded in carrying his burden under *Bryant* and is entitled to an EAJA fees and costs award in the amount of $4,690.00.

### IV.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. The motion by Plaintiff's counsel for an EAJA fees and costs award (doc. 20) be **GRANTED,** and Plaintiff be **AWARDED** the sum of $4,690.00 in EAJA fees and costs; and

2. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

October 30, 2013                                            s/ **Michael J. Newman**
                                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Feed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981).